**E-Filed 8/21/08**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOE PALAZZOLO,<br><br>    Plaintiff,<br><br>    v.<br><br>GORDON SONNÉ, individually and in his official capacity as SHERIFF OF THE COUNTY OF MONTEREY; ROBERT J. PEREZ, individually and in his official capacity as CHIEF DEPUTY OF OPERATIONS OF THE SHERIFF'S DEPARTMENT, COUNTY OF MONTEREY; CHIEF KLEIN, individually and in his official capacity as CHIEF OF POLICE OF THE CITY OF SAND CITY; DEPUTY SGT. CHUCK MONARQUE, individually and in his official capacity as DEPUTY SHERIFF OF MONTEREY COUNTY; TERRY PFAU, individually and in his official capacity as UNDERSHERIFF OF THE COUNTY OF MONTEREY; THE BOARD OF SUPERVISORS OF THE COUNTY OF MONTEREY; THE COUNTY OF MONTEREY; THE CITY OF SAND CITY; and, DOES 1-50,<br><br>    Defendants. | Case Number CV 03-2901 JF (PVT)<br><br>ORDER[1] GRANTING MOTION FOR SUMMARY JUDGMENT<br><br>[re: docket no. 104] |

Defendants Chief Michael Klein ("Klein") and the City of Sand City ("Sand City")

---

[1] This disposition is not designated for publication in the official reports.

(collectively "Sand City Defendants") move for summary judgment.[2] The Court has considered the briefing submitted by the parties, including the supplemental briefing requested by the Court, as well as the oral arguments of counsel presented at the hearing on June 20, 2008. For the reasons set forth below, the motion will be granted.

## I. BACKGROUND

Palazzolo filed his complaint on April 3, 2003 alleging claims against two groups of Defendants: the Sand City Defendants and the Monterey County Defendants. The factual background of this case is set forth in great detail in the order dated February 7, 2005 granting Defendants' previous motions for summary judgment, finding inter alia that the instant action was untimely filed. That order was reversed in part by the Ninth Circuit on March 27, 2007. On April 30, 2008, the Sand City Defendants filed the instant motion for summary judgment on independent grounds. Palazzolo's sole claim against the Sand City Defendants, asserted pursuant to 42 U.S.C. § 1983, is that they violated his civil and constitutional rights by depriving him of liberty and property without due process of law.

## II. LEGAL STANDARD

A motion for summary judgment should be granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Material facts are those that might affect the outcome of the case under the governing law. *Anderson*, 477 U.S. at 248. There is a genuine dispute about a material fact if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id*. The moving party bears the initial burden of informing the Court of the basis for the motion and identifying portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact. *Chelates Corp. v. Citrate*, 477 U.S. 317, 323 (1986). Where the

---

[2] Defendants Gordon Sonné (Sonné), the County of Monterey, the Monterey County Sheriff's Department, Robert J. Perez ("Perez"), Chuck Monarque ("Monarque"), and Terry Pfau ("Pfau") (collectively "Monterey County Defendants") do not join in this motion, but have filed a separate motion for summary judgment that is scheduled for hearing on August 22, 2008.

1  party moving for summary judgment would not bear the ultimate burden of persuasion at trial, it
2  must either produce evidence negating an essential element of the nonmoving party's claim or
3  defense or show that the nonmoving party does not have enough evidence of an essential element
4  to carry its ultimate burden of persuasion at trial. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*,
5  210 F.3d 1099, 1102 (9th Cir. 2000).

6        If the moving party meets its initial burden, the burden shifts to the nonmoving party to
7  present specific facts showing that there is a genuine issue of material fact for trial. Fed. R. Civ.
8  P. 56(e); *Chelates Corp.*, 477 U.S. at 324. The nonmoving party may not rely on the mere
9  allegations or denials in its pleading. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 248. The
10 evidence and all reasonable inferences therefrom must be viewed in the light most favorable to
11 the nonmoving party. *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626,
12 630-31 (9th Cir. 1987). Summary judgment thus is not appropriate if the nonmoving party
13 presents evidence from which a reasonable jury could resolve a material issue in its favor.
14 *Anderson*, 477 U.S. at 248-49.

15       **III.  DISCUSSION**

16       42 U.S.C. § 1983 imposes liability on any person who deprives another of a federally
17 protected right while acting under the color of state law. Palazzolo alleges that the Sand City
18 Defendants violated his Fifth and Fourteenth Amendment rights by depriving him of liberty and
19 property without due process. To make either the property interest claim or the liberty interest
20 claim under § 1983, Palazzolo must establish "(1) a liberty or property interest protected by the
21 Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of [due] process."
22 *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993).

23     **A.**    **Property Interest**

24       The first element of Palazzolo's property interest claim likely is satisfied in the instant
25 case, as the Supreme Court has recognized a public employee's property interest in continued
26 government employment and benefits. *See Board of Regents v. Roth*, 408 U.S. 564, 574-77
27 (1972) (stating that to "be deprived not only of present government employment but of future
28 opportunity for it certainly is no small injury"). However, it is unclear whether this property

interest in public employment extends to a suspension as well as a termination. *See Gilbert v. Homar*, 520 U.S. 924, 929 (1997) (declining to decide the issue). The Ninth Circuit has noted that "[n]early all reported decisions dealing with section 1983 in the context of disciplinary proceedings against public employees arise out of *discharges* from public employment, and not mere disciplinary actions." *Steisberg v. State of California*, 80 F.3d 353, 356 (9th Cir. 1996). In a case closely analogous to this one, the Ninth Circuit held that a transfer of employment does not constitute a deprivation of a public employee's property interest. *Id.* at 357 (CHP officer transferred in alleged punitive retaliation for issuing traffic citations to the daughters of CHP's highest ranking official). The precise issue with respect to a suspension appears to be undecided in the Ninth Circuit.

Palazzolo argues that the withdrawn suspension in the instant case amounted to "more than a suspension. Effectively it caused a termination." Supplemental Brief in Opposition to Motion for Summary Judgment at 4. Generally, a plaintiff may demonstrate "constructive discharge by showing that the 'working conditions were so intolerable and discriminatory as to justify a reasonable employee's decision to resign.'" *Bloodworth v. City of Phoenix*, 26 Fed. Appx. 679, 681 (9th Cir. 2002) (citing *Huskey v. City of San Jose*, 204 F.3d 893, 900 (9th Cir. 2000)). However, Palazzolo is still an employee of the Monterey Sheriff's Department. Palazzolo offers no evidence that a withdrawn suspension would preclude him from finding other law enforcement positions in the future.

In any event, the Court need not decide whether Palazzolo has established that he was deprived of a property interest. Palazzolo concedes in his opposition papers that "Plaintiff was afforded ample due process" and "has no opposition to this argument as to these defendants."[3] Brief in Opposition to Motion for Summary Judgment at 10. Accordingly, summary judgment is appropriate as to this aspect of Palazzolo's claim.

---

[3] The scope of this concession is unclear; viewing the instant motion in the light most favorable to the nonmoving party, the Court assumes that the due process concession is limited to the property interest claim.

**B. Liberty Interest**

The first element of Palazzolo's liberty interest claim is established in the instant case, as the Supreme Court also has recognized a public employee's liberty interest in his reputation. *See Paul v. Davis*, 424 U.S. 693, 708 (1976) ("Where a person's good name, reputation, honor, or integrity is at stake [b]ecause of what the government is doing to him, notice and an opportunity to be heard are essential"). However, *Paul* holds explicitly that a plaintiff may not assert a reputation claim "standing alone and apart from any other governmental action with respect to him." *Id.* at 694; *see also Albright v. Oliver*, 510 U.S. 266, 296, n.9 (1994). Here, Palazzolo cannot bring a reputation claim pursuant to § 1983 without an additional anchor claim. Because Palazzolo's property interest claim is without merit, and his complaint does not raise any other § 1983 claim with respect to the Sand City Defendants, the Court has requested that Palazzolo provide supplemental briefing as to this point.

In his supplemental letter to the Court dated June 27, 2008, Palazzolo fails to address the absence of an anchor claim. He does not propose an amendment to his complaint or state whether the complaint could be amended to remedy this defect. Instead, Palazzolo identifies evidence in support of a reputation claim and repeats his argument that Chief Klein acted "under the color of the law."[4] Like the plaintiff in *Paul*, Palazzolo "apparently believes that the Fourteenth Amendment's Due Process Clause should *ex proprio vigore* extend to him a right to be free of injury wherever the State may be characterized as the tortfeasor." *Paul*, 424 U.S. at 701. Justice (later Chief Justice) Rehnquist explained that if the Court were to allow such actions, the Fourteenth Amendment would "alter the basic relations between the States and the national government" by making "all torts of state officials federal crimes." *Id.* at 700. These exact concerns are present in the instant case. Palazzolo may have a meritorious state law defamation claim against state actors. However, he cannot assert the claim pursuant to § 1983 without the property interest claim, the lack of merit of which he has conceded. Accordingly, the

---

[4] In addition to the supplemental letter brief requested by the Court, Palazzolo filed an unauthorized second supplemental letter brief on July 10, 2008. The second supplemental letter brief likewise fails to demonstrate how the complaint could be amended to state a viable claim.

5

1  Court finds summary judgment appropriate with respect to his liberty interest claim as well.

## IV.  ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that the Sand City Defendants' motion for summary judgment is GRANTED.

DATED:  August 21, 2008

_____
JEREMY FOGEL
United States District Judge

Case No. C 03-2901 JF (PVT)
ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
(JFEX1)

1   This Order has been served upon the following persons:

2

3   Gasper R Garcia, II
    Email: perspone@hotmail.com

4   Frank G. Tiesen
    Email: tiesenf@co.monterey.ca.us
5

6   William K. Rentz
    Email: rentzb@co.monterey.ca.us

7   Vincent P. Hurley
    Email: vhurley@hurleylaw.com
8

9   Douglas Frank Young
    Email: dyoung@hurleylaw.com

10  Susan K. Blitch
    Email: sblitch@hurleylaw.com
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
7
Case No. C 03-2901 JF (PVT)
ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
(JFEX1)