1

2                                                                    **E-filed 10/27/08**

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9               FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                            SAN JOSE DIVISION

11

12   JOE PALAZZOLO,                              | Case Number C 03-2901 JF (PVT)

13                              Plaintiff,       | ORDER[1] GRANTING IN PART AND
                                                 | DENYING IN PART SAND CITY
14              v.                               | DEFENDANTS' MOTION FOR
                                                 | ATTORNEYS' FEES
15   GORDON SONNE, et al.,

16                              Defendants.      | [re:  docket no. 154]

17

18

19

20         Defendants City of Sand City and Chief Michael Klein (collectively "Sand City

21   Defendants") seek an award of attorneys' fees against Plaintiff Joe Palazzolo ("Palazzolo").  The

22   Court has considered the motion, opposition, and reply.[2]  For the reasons discussed below, the

23   motion will be granted in part and denied in part.

24   _____

25         [1] This disposition is not designated for publication in the official reports.

26         [2] The motion was set for hearing on October 17, 2008.  While Plaintiff's counsel
     appeared, Defendants' counsel was under the impression that the hearing had been vacated by
27   docket entry no. 166, which vacated the hearing on Defendants' motion for a bill of costs.
     Because Defendants' counsel was not present, the Court submitted the matter without oral
28   argument.

Case No. C 03-2901 JF (PVT)
ORDER GRANTING IN PART AND DENYING IN PART SAND CITY'S MOTION FOR ATTORNEYS' FEES
(JFLC2)

# I. DISCUSSION

"A district court may award attorneys' fees pursuant to 42 U.S.C. § 1988 to a prevailing civil rights defendant if the plaintiff's action was 'unreasonable, frivolous, meritless, or vexatious.'" *Galen v. County of Los Angeles*, 477 F.3d 652, 666 (9th Cir. 2007) (quoting *Vernon v. City of Los Angeles,* 27 F.3d 1385, 1402 (9th Cir. 1994)). "An action becomes frivolous when the result appears obvious or the arguments are wholly without merit." *Id*. (citing *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978)). If it is not apparent that an action lacks merit at its inception, but the result becomes obvious at some point in the litigation, a prevailing defendant may recover fees incurred after that point. *Id*. A defendant may recover fees even though the plaintiff subjectively acted in good faith. *Saman v. Robbins*, 173 F.3d 1150, 1157 (9th Cir. 1999). However, attorneys' fees should be awarded to a defendant in a civil rights action only in exceptional circumstances. *Id*.

The Court concludes that the instant action was not frivolous when filed. Palazzolo's theory -- in which he appears to believe sincerely -- is that he was subjected to disciplinary action solely because Defendant Klein bore him ill will. Palazzolo believes that Klein recruited the other Defendants to aid in an alleged vendetta against him, and that the disciplinary proceedings were tainted by this vendetta.[3] If Palazzolo had been able to discover evidence to support this theory, he could have made out a viable due process claim. However, Palazzolo failed to present such evidence in opposition to the Sand City Defendants' motion for summary judgment, and in fact *conceded* the portion of his due process claim premised on deprivation of a property interest. At that point – the point at which Palazzolo filed his opposition brief – it should have been apparent that his suit against the Sand City Defendants was without legal merit.

Notwithstanding the lack of evidence to support his legal theory, Palazzolo continued to litigate the portion of his due process claim premised on deprivation of a liberty interest, despite

---

[3] The Court granted summary judgment for all Defendants in 2005 after concluding that Palazzolo's claims were time-barred. The Court of Appeals reversed that judgment, holding that Palazzolo's § 1983 claims were timely. Neither this Court nor the Court of Appeals addressed the substantive merits of Palazzolo's § 1983 claims. Accordingly, those rulings have no bearing on the instant analysis.

Case No. C 03-2901 JF (PVT)
ORDER GRANTING IN PART AND DENYING IN PART SAND CITY'S MOTION FOR ATTORNEYS' FEES
(JFLC2)

1   clearly established authority that he could not pursue such a claim absent some other cognizable

2   deprivation.  Accordingly, the Court concludes that an award based upon the fees incurred after

3   Palazzolo filed his opposition brief  is appropriate.

4          Based upon the Declaration of Vincent Hurley and the attachments thereto, the Court

5   calculates that the Sand City Defendants incurred approximately $9,000 in attorneys' fees after

6   Palazzolo filed his opposition to their motion for summary judgment.  The Court is satisfied that

7   the rates charged and the hours billed were reasonable.

8          A district court considering an award of fees to a prevailing civil rights defendant must

9   consider the financial resources of the plaintiff.  *Miller v. Los Angeles County Bd. of Educ.*, 827

10  F.2d 617, 621 (9th Cir. 1987).  While the record does not contain direct evidence of Palazzolo's

11  financial resources, the record does indicate that Palazzolo has worked as a Sheriff's deputy since

12  1995.  An award of $9,000 likely would have a significant impact on such a working individual,

13  particularly in the present economy.  Accordingly, the Court will reduce the award of attorneys'

14  fees to $4,500.

## II. ORDER

16         The Sand City Defendants' motion for an award of attorneys' fees is GRANTED IN

17  PART.  Palazzolo shall pay the Sand City Defendants attorneys' fees in the amount of $4,500.

18

19

20

21  DATED:  10/27/08

22                                                    _____
                                                      JEREMY FOGEL
23                                                    United States District Judge

24

25

26

27

28

Case No. C 03-2901 JF (PVT)
ORDER GRANTING IN PART AND DENYING IN PART SAND CITY'S MOTION FOR ATTORNEYS' FEES
(JFLC2)

1    Copies of this order were served on the following persons:

2

3    Douglas Frank Young dyoung@hurleylaw.com, gforese@hurleylaw.com

4    Frank G. Tiesen tiesenf@co.monterey.ca.us, ontiveross@co.monterey.ca.us

5    Gasper R Garcia , II perspone@hotmail.com

6    Susan K. Blitch sblitch@hurleylaw.com

7    Traci A. Kirkbride kirkbrideta@co.monterey.ca.us, zazuetac@co.monterey.ca.us

8    Vincent P. Hurley vhurley@hurleylaw.com, gforese@hurleylaw.com

9    William K. Rentz rentzb@co.monterey.ca.us, zazuetac@co.monterey.ca.us

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 03-2901 JF (PVT)
ORDER GRANTING IN PART AND DENYING IN PART SAND CITY'S MOTION FOR ATTORNEYS' FEES
(JFLC2)