**E-filed 1/9/09**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOE PALAZZOLO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GORDON SONNE, et al.,<br><br>　　　　　Defendants. | Case Number C 03-2901 JF (PVT)<br><br>ORDER[1] GRANTING IN PART MONTEREY COUNTY DEFENDANTS' MOTION FOR ATTORNEYS' FEES<br><br>[re: document no. 175] |

　　Defendants County of Monterey, Monterey County Board of Supervisors, Monterey County Sheriff's Department, Gordon Sonne, Robert J. Perez, Chuck Monarque, and Terry Pfau (collectively "Monterey County Defendants") seek an award of attorneys' fees against Plaintiff Joe Palazzolo ("Palazzolo"). The Court has considered the papers filed by the parties as well as the oral arguments of counsel presented at the hearing on January 9, 2009. For the reasons discussed below, the motion will be granted in part.

---

[1] This disposition is not designated for publication in the official reports.

**I. DISCUSSION**

"A district court may award attorneys' fees pursuant to 42 U.S.C. § 1988 to a prevailing civil rights defendant if the plaintiff's action was 'unreasonable, frivolous, meritless, or vexatious.'" *Galen v. County of Los Angeles*, 477 F.3d 652, 666 (9th Cir. 2007) (quoting *Vernon v. City of Los Angeles,* 27 F.3d 1385, 1402 (9th Cir. 1994)). "An action becomes frivolous when the result appears obvious or the arguments are wholly without merit." *Id*. (citing *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978)). If it is not apparent that an action lacks merit at its inception, but the result becomes obvious at some point in the litigation, a prevailing defendant may recover fees incurred after that point. *Id*. A defendant may recover fees even though the plaintiff subjectively acted in good faith. *Saman v. Robbins*, 173 F.3d 1150, 1157 (9th Cir. 1999). However, attorneys' fees should be awarded to a defendant in a civil rights action only in exceptional circumstances. *Id*.

As the Court stated in its prior order addressing the Sand City Defendants' motion for attorneys' fees, the Court concludes that the instant action was not frivolous when filed. Palazzolo believed that he was subjected to disciplinary action solely because Defendant Klein bore him ill will. Palazzolo believed that Klein recruited the other Defendants to aid in an alleged vendetta against him, and that as a result the other Defendants were biased against him throughout the disciplinary proceedings giving rise to this suit.

The Court previously has stated that *if* Palazzolo had been able to discover evidence to support his theory, he could have made out a viable due process claim. However, the Monterey County Defendants assert that no such evidence came to light during discovery, and thus that it was apparent that Palazzolo's claim was without legal merit as of the close of discovery on November 30, 2004. The Monterey County Defendants submit the declaration of William K. Rentz demonstrating that they incurred a total of $32,006.04 in attorneys' fees after November 30, 2004. The Court is satisfied that the rates charged and the hours billed were reasonable.

Palazzolo argues that it was not obvious that his due process claim was futile as of the close of discovery, and that in fact the Court erred in granting summary judgment for Defendants because his claim is viable. Palazzolo states that "[a]pparently, this court believes that a Plaintiff

asserting a procedural due process claim must prove some unlawful motive," Opp. Br. p. 2, and then goes on to cite numerous authorities for the proposition that proof of an evil motive is not required to make out a claim under 42 U.S.C. § 1983. Palazzolo's argument misses the point. While in general an improper motive is not an element of a civil rights claim under § 1983, in this particular case Palazzolo's theory is that he was deprived of due process of law *because* Defendants were biased as a result of their participation in the alleged vendetta of Chief Klein. In order to prevail on this theory, Palazzolo had to present at least a scintilla of evidence that Defendants in fact were so biased. The Court granted summary judgment for the Monterey County Defendants after concluding that there was no evidence in the record from which a trier of fact could conclude that they were involved in Klein's alleged vendetta and thus biased against Palazzolo.

     The question is not whether Palazzolo ultimately prevailed, but whether and when it became clear that his claim was futile. It is not clear that futility was apparent at the close of discovery. There were several depositions taken in this case that had to be evaluated along with discovery responses and documentary evidence. Accordingly, the Court concludes that Palazzolo's due process claim was not obviously futile until he drafted his opposition to the Monterey County Defendants' motion to summary judgment. At that point it should have been apparent to Palazzolo that he could not present evidence of bias that would be sufficient to withstand Defendants' motion. Palazzolo's opposition was filed on August 1, 2008. It appears from counsel's billing statements that the Monterey County Defendants incurred $1,681.39 in attorneys' fees after that point.[2]

---

[2] Time records for three attorneys were submitted. Deputy County Counsel Frank Tiesen and Deputy County Counsel Traci Kirkbride did not bill after August 1, 2008. Rentz Decl. Exhs. D and E. Senior Deputy County Counsel William K. Rentz billed $1,681.39 after August 1, 2008. Rentz Decl. Exh. F. The Court notes that Mr. Rentz's time records are a bit confusing, in that there are "Subtotals" interspersed among the actual time entries, and those subtotals do not appear to correlate with the time entries. The Court reached the figure of $1,681.39 by adding all of the individual time entries made after August 1, 2008. Because this figure seems rather modest for preparation of a reply to a motion for summary judgment as well as a motion for attorneys' fees, the Court asked Mr. Rentz about it at the hearing. Mr. Rentz confirmed that the

1    A district court considering an award of fees to a prevailing civil rights defendant must
2 consider the financial resources of the plaintiff. *Miller v. Los Angeles County Bd. of Educ.*, 827
3 F.2d 617, 621 (9th Cir. 1987). The record indicates that Palazzolo earns approximately $100,000
4 per year as a Sheriff's deputy. Thus an award of $1,681.39 appears reasonable.

## II. ORDER

6    The Monterey County Defendants' motion for an award of attorneys' fees is GRANTED
7 IN PART. Palazzolo shall pay the Monterey County Defendants attorneys' fees in the amount of
8 $1,681.39.

12 DATED: 1/9/09

_____
JEREMY FOGEL
United States District Judge

---

28  time records submitted to the Court are accurate. The Court finds it refreshing to address records demonstrating such efficient and reasonable billing practices.

4

1  Copies of this order were served on the following persons:

2

3  Douglas Frank Young dyoung@hurleylaw.com, gforese@hurleylaw.com

4  Frank G. Tiesen tiesenf@co.monterey.ca.us, ontiveross@co.monterey.ca.us

5  Gasper R Garcia , II perspone@hotmail.com

6  Susan K. Blitch sblitch@hurleylaw.com

7  Traci A. Kirkbride kirkbrideta@co.monterey.ca.us, zazuetac@co.monterey.ca.us

8  Vincent P. Hurley vphurley@hurleylaw.com, gforese@hurleylaw.com

9  William K. Rentz rentzb@co.monterey.ca.us, zazuetac@co.monterey.ca.us

5